# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF NEW JERSEY

**TIMOTHY R. HOTT, ESQ.**
**LAW OFFICES OF TIMOTHY R. HOTT , P.C.**
100 Challenger Road - Suite 402
Ridgefield Park, New Jersey 07660
Tel: (201)994-0400; Fax: (631)980-3650
(TH 6729) timhott@gmail.com
Attorney for Plaintiffs

| | |
|---|---|
| Sheet Metal Workers Local Union No. 22 , Sheet Metal Workers Local 22 Welfare, Pension, Annuity Education, Vacation and Unemployment Funds and the Boards of Trustees thereof and the Sheet Metal Workers Local Union No. 22 PAC Fund,<br><br>*Plaintiff(s)*<br><br>vs.<br><br>Quality Construction HVAC a/k/a<br>Quality Construction & Heating Air, Inc.<br>8 Hazel Street<br>Stanhope, New Jersey 07874<br>    and/or<br>155 Canfield Avenue<br>Randolph, New Jersey 07869<br><br>*Defendant(s)* | <u>CIVIL ACTION</u><br><br>CIVIL ACTION NO.<br><br><br><br>**<u>COMPLAINT</u>** |

　　　　PLAINTIFFS, Sheet Metal Workers Local Union No. 22 , Sheet Metal Workers Local 22 Welfare, Pension, Annuity Education, Vacation and Unemployment Funds and the Boards of Trustees thereof and the Sheet Metal Workers Local Union No. 22 PAC Fund, having their principal offices at 106 South Avenue, Cranford, Union County, New Jersey 07016, complaining of the Defendant, Quality Construction HVAC a/k/a Quality Construction & Heating Air, Inc., whose principal offices are located at 8 Hazel Street, Stanhope, Sussex County, New Jersey 07874 and/or 155 Canfield Avenue, Randolph, Morris

County, New Jersey 07869, say:

## THE PARTIES

1. Plaintiffs, Sheet Metal Workers Local 22 Welfare, Pension, Annuity Education, Vacation and Unemployment Funds and the Boards of Trustees thereof, each are trusts or parts of trusts established pursuant to Sections 302(C)(5) of the National Labor Relations Act, as amended (29 U.S.C. 186 (C)(5)), and pursuant to E.R.I.S.A., 29 U.S.C. 1001, et seq. for the purpose of providing pension, health, welfare and annuity and other benefits for employees of employers covered by the provisions of a collective bargaining agreement between the Sheet Metal Workers Local Union No. 22 (hereinafter "Union") and such employers signed to collective bargaining agreements with said Union or by virtue of said employer's having given collective bargaining authority to the Sheet Metal Contractors' Association of Union, Morris, Somerset and Sussex Counties, New Jersey Chapter, Inc. (Association). The Boards of Trustees of the Funds consist of an equal number of Union and Employer representatives appointed by their respective appointing entities to administer said Funds.

2. Plaintiff, Sheet Metal Workers Local Union No. 22 ("Union") is an unincorporated labor organization which is the exclusive collective bargaining representative of employees of employers who are parties to a collective bargaining agreement with the Sheet Metal Contractors' Association of Union, Morris, Somerset and Sussex Counties, New Jersey Chapter, Inc. (Association) which Association is the collective bargaining representative of employers of employees represented by the Union.

3. Defendants, Quality Construction HVAC a/k/a Quality Construction & Heating Air, Inc., is an employer who employs employees who are represented by the Union.  Defendant is

2

bound to the current collective bargaining agreement between the Union and the Association as described in paragraph #1, above.

## JURISDICTION

4. Jurisdiction of this Court is invoked in this matter under 29 U.S.C. 185, 29 U.S.C. 1145 of ERISA 29 U.S.C. 1001 et seq.

5. Jurisdiction of this Court is also invoked under 29 U.S.C. 1132(a)(3)(B) and 29 U.S.C. 1132(g)(2) to enforce the rights of Plaintiffs as to their procedures for collection of moneys due said Funds and their procedures for verifying the accuracy of the contributions made to said Funds by contributing employers such as the defendants.

## FIRST COUNT

6. 29 U.S.C. Section 1145 requires the defendants to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trust Agreements and the procedures specified by the Trustees of the respective Trusts.

7. 29 U.S.C.A. Section 1145 requires the defendants to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trust Agreements and the procedures specified by the Trustees of the respective Trusts.

8. The procedure established by the Trustees of each of the respective Trusts require that Employers remit payments on account of such employer's employees by the twentieth day following the end of each calendar month for the amounts due and accrued as owing for the preceding month.

9. From on or about October 7, 2016 to on or about April 14, 2017 defendants failed to remit

payments to any of the aforesaid plaintiffs. Defendant is delinquent in the payment of monies due to the plaintiffs in the estimated amount of $68,544.93 for that period.

10. Defendant may also be indebted to plaintiffs for additional sums unpaid and accruing as delinquent during the pendency of this cause of action.

11. In accordance with the applicable provisions of the Employees Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1132(g)(2), plaintiffs are entitled to interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages at the rate of 20% of the principal sum due, reasonable attorney's fees, together with costs of suit.

WHEREFORE, plaintiffs demand judgment against the defendant:

(a)  For the entry of judgment in an amount equal to the principal sum due and owing to the plaintiffs at the time judgment is entered, plus interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages in the amount of 20% of the principal sum due, reasonable attorneys fees, costs of suit and such other relief as is deemed equitable and just.

## SECOND COUNT

12. Plaintiffs repeats and reallege every paragraph of the First Count as if the same were set forth at length herein.

13. The collective bargaining agreement between the Union and Association requires the defendant to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trusts Agreements and the procedures specified by the Trustees of the respective Trusts.

14. The procedure established by the Trustees of each of the respective Trusts require that Employers such as Defendant remit payments on account of such employer's employees

weekly.

15. From on or about October 7, 2016 to on or about April 14, 2017 defendants failed to remit payments to any of the aforesaid plaintiffs. Defendant is delinquent in the payment of monies due the plaintiffs in the estimated amount of $68,544.93 for that period.

16. Defendant may also be indebted to plaintiffs for additional sums unpaid and accruing as delinquent during the pendency of this cause of action.

17. In accordance with the applicable provisions of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1132(g)(2), plaintiffs are entitled to interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages at the rate of 20% of the principal sum due, reasonable attorney's fees, together with costs of suit.

WHEREFORE, plaintiffs demand judgment against the defendant:

(a) For the entry of judgment in an amount equal to the principal sum due and owing at the time judgment is entered to the plaintiffs, plus interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages in the amount of 20% of the principal sum due, reasonable attorneys fees, costs of suit and such other relief as is deemed equitable and just.

### THIRD COUNT

18. Plaintiffs repeats and reallege every paragraph of the First and Second Counts as if the same were set forth at length herein.

19. The collective bargaining agreement between plaintiff Local 22 and defendant requires that defendant deduct from wages of its employees and remit to plaintiff Union and plaintiff PAC Fund, respectively, such sums of money as defendant's employees have authorized to be deducted from their wages for such purposes.

20. From on or about October 7, 2016 through on or about April 14, 2017 defendant deducted the total sum of $13,929.48 from the wages of its employees but unlawfully failed and refused to remit same to said Local 22 and the Local 22 PAC Fund.

21. Defendant's deduction of money from wages due, owing and paid to its employees and its failure to remit same to Local 22 and the Local 22 PAC Fund constitutes unlawful conversion.

22. As a result of defendant's unlawful acts of conversion it is indebted to Local 22 and the Local 22 PAC Fund in sum of $13,929.48.

23. Defendant may also be indebted to plaintiffs for additional sums deducted from employee wages but not remitted to said plaintiffs and which become unpaid and accruing during the pendency of this cause of action.

WHEREFORE, plaintiffs demand judgment against the defendant:

(a) For the entry of judgment in an amount equal to the principal sum due in this Third Count owing at the time judgment is entered to the plaintiffs Local 22 and Local 22 PAC Fund, plus interest, attorneys fees, costs of suit and such other relief as is deemed equitable and just.

Date: 10/6/2017                                             **S/TIMOTHY R. HOTT**
                                                            TIMOTHY R. HOTT