UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEET METAL WORKERS LOCAL UNION NO. 22, et al., <br><br>*Plaintiffs*, <br><br>v. <br><br>QUALITY CONSTRUCTION HVAC a/k/a QUALITY CONSTRUCTION & HEATING AIR, INC., <br><br>*Defendant*. | Civil Action No. 17-7973 <br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiffs Sheet Metal Workers Local Union No. 22's (the "Union"), Sheet Metal Workers Local 22 Welfare, Pension, Annuity Education, Vacation and Unemployment Funds and the Boards of Trustees Thereof's ("Local 22 Fund"), and Sheet Metal Workers Local Union No. 22 PAC Fund's ("Local 22 PAC Fund" and, collectively with the Union and Local 22 Fund, "Plaintiffs") Motion for Default Judgment against Quality Construction HVAC a/k/a Quality Construction & Heating Air, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 6. For the reasons set forth herein, the motion is **GRANTED**.

I. **BACKGROUND**

This case arises from unpaid collective bargaining agreement ("CBA") contributions. Defendant is a member of the Sheet Metal Contractors' Association of Union, Morris, Somerset and Sussex Counties, New Jersey Chapter, Inc. (the "Association") and is bound by the CBA between the Association and the Union. Compl. ¶¶ 1-3. Under the CBA, Defendant is required

1

to remit contributions to the Local 22 Fund and Local 22 PAC Fund (together, "Funds") in the accordance with the procedures established by the Funds and their trustees. Id. ¶¶ 6-7. From October 7, 2016 to April 14, 2017, however, Defendant failed to remit payments required under the CBA. Id. ¶ 9. As a result, Defendant owes Plaintiffs $68,544.93 for unpaid contributions during that period. Id.

Plaintiffs filed this action on October 6, 2017, seeking to recover from Defendant the unpaid contributions, interest, liquidated damages, and attorney's fees and costs pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145. ECF No. 1. Defendant was served on January 2, 2018 but has not answered or otherwise responded to the Complaint. ECF No. 4. On March 20, 2018, the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a). On May 1, 2018, Plaintiff filed the instant Motion for Default Judgment. ECF No. 6. Defendant has not filed any opposition.

## II. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment, the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the complaint are accepted

as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant. This Court has exclusive subject-matter jurisdiction over claims brought under the ERISA statute. 29 U.S.C. § 1132(e)(1) ("[T]he district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by . . . a participant, beneficiary, fiduciary"). The Court also has personal jurisdiction over Defendant, whose principal offices are located in Stanhope, New Jersey and/or Randolph, New Jersey. See Compl. at p. 1. Defendant was served with the Summons and Complaint on January 2, 2018. See ECF No. 4.

#### B. Liability

The Court finds that Plaintiffs have asserted a valid cause of action for violation of Section 515 of ERISA, 29 U.S.C. § 1145. Section 515 of ERISA requires every employer who is obligated under the terms of a CBA to make contributions to an employee benefits plan to do so "in accordance with the terms and conditions of such plan or [the CBA]." 29 U.S.C. § 1145. Here, the CBA required Defendant to make regular monthly contributions to the Funds, and Defendant failed to do so. See Compl. ¶¶ 6-9. Accordingly, pursuant to Section 502(g)(2) of ERISA, the

Court is required to award: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorneys' fees and costs; and (5) other relief the court deems appropriate. Acosta v. Nat'l Packaging, Inc., No. 09-701, 2010 WL 3001191, at *2 (D.N.J. July 28, 2010) (citing 29 U.S.C. § 1132(g)(2)).

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008). The Court concludes that, in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendant does not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *1 (D.N.J. Mar. 19, 2012). Second, the Court finds that Plaintiffs will suffer prejudice absent entry of default judgment as they would have no other means of obtaining relief. Finally, the Court finds Defendant acted culpably as it has been served with the Complaint yet has failed to respond to the allegations therein. Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. App'x. 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiffs allege that Defendant's total outstanding indebtedness is $98,467.34. See Certification of Thomas Gallagher ("Gallagher Cert.") ¶ 4, ECF No. 6.1. Specifically, Plaintiffs allege that Defendant is liable for an unpaid principal balance of $68,544.93 as well as $10,563,42 in interest, $13,708.99 in liquidated damages, $5,2500.00 in attorney's fees, and $400.00 in costs. Id. Plaintiffs also seek $22.54 in per diem interest starting on May 31, 2018. Id.

The Court will grant default judgment against Defendant in these amounts. Plaintiffs

calculated the total interest and per diem amounts above based on an interest rate of 12%.  See Certification of Robert Jannelli, CPA ("Jannelli Cert.") ¶¶ 5-6, Ex. 1, ECF No. 7.1.  This is the correct interest rate pursuant to the Policy for Collection of Delinquent Contributions, to which Defendant is bound under the terms of the CBA.  See Jannelli Cert. ¶¶ 3-4, Ex. 1.  Plaintiffs are entitled to the liquidated damages above pursuant to Section 502(g)(2)(C)(ii) of ERISA.  See 29 U.S.C. § 1132(g)(2)(C)(ii).

Plaintiffs are also entitled to reasonable attorney's fees and costs of the action.  29 U.S.C. § 1132(g)(2)(D).  In awarding these fees the Court must "determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent pertaining to the calculation of reasonable attorney's fees."  Graziano v. Harrison, 950 F.2d 107, 114 (3d Cir. 1991).  A request for fees must be accompanied by "fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys."  United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 281, 291 (3d Cir. 2007) (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001)).

Here, a certification from Plaintiffs' attorney contains detailed entries memorializing the work undertaken in this case.  See Certification of Attorney's Fees ¶¶ 1-4, ECF No. 6.3.  The Court is satisfied that the total hours and the hourly rate do not appear to be "excessive, redundant, or otherwise unnecessary."  See Interfaith Cmty Org. v. Honeywell Intern., Inc., 426 F.3d 694, 711 (3d Cir. 2005).  Accordingly, the Court will award fees and costs in the requested amounts.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Default Judgment is **GRANTED**, and the Court will enter default judgment against Defendant and in favor of Plaintiffs in the amount of $98,467.34, consisting of $68,544.93 in unpaid contributions, $10,563.42 in interest,

$13,708.99 in liquidated damages, $5,250.00 in reasonable attorney's fees, and $400.00 in court costs, as well as $22.54 in per diem interest for every day after May 31, 2018. An appropriate Order accompanies this Opinion.

Dated: November 16, 2018

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**